FALCONER, President, &c. *vs.* ROGERS, impl'd with others.

Defendant was indorser of a promissory note payable on the 3rd of April, and notice of protest was on that day duly mailed by a notary, addressed to defendant at his place of residence; and on the next day the notary enclosed a duplicate of this notice to one of the officers of a bank which was the owner of the note in suit. On the trial defendant produced the duplicate notice, which bore date the 17th of April, and was addressed to defendant at a place, not the place of his residence, in the handwriting of the teller of the bank; defendant also gave some negative evidence to show that he had not received the first notice. *Held,* ·that defendant had been duly notified.

ASSUMPSIT on the following note :

Dec. 31st, 1836.

$1900.   Three months after date I promise to pay to the order of J. D. Cooper, at Phœnix Bank in the city of New York, nineteen hundred dollars for value received.

Signed, Archb. McDonald.

Indorsed   J. D. COOPER,
N. B. ROGERS.

N. B. Rogers only appeared and defended, and annexed to plea and notice an affidavit that he had never received notice of non-payment of said note.   He resided in Lockport, New York.

It was proved by one *E. H. Ricker,* that on the 3d April, 1837, he presented the note at the Phœnix Bank, and demanded payment which was refused for want of funds of makers, and that on the evening of same day he mailed notice of protest directed to N. B. Rogers Lockport, N. Y., and another to J. D. Cooper, Hempville, N. Y. And on next morning mailed duplicate notices for N. B. R. & J. D. C. with notice to R. Faulkner, president of the Lumberman's Bank, enclosed in a notice to J. Andrews, assistant cashier, Phild. He directed notice directly to the residence of indorsers because their place of residence was given in penal under their names on the back of the note. The wit-

ness remembers distinctly the fact of giving notice direct to them at the time. The witness was clerk at the time to J. D. Campbell, a notary in the city. The notices for Cooper and Rogers enclorsed to Andrews, were not directed to any place. The plaintiff also produced the certificate of protest and of notice to the indorsers by the notary, and rested.

It was proved by the defendant that the note belonged to the Lumberman's Bank when it fell due, and had been transfered to the plaintiff, the president of same, before suit. The defendant then proved by his brother, that he and defendant were partners in business at Lockport, and then gave some negative testimony to show that his brother could not have received the notice mailed in New York by Ricker. A notice of protest was produced by defendant, directed to him, Kempville, Niagara county, dated 17th *April*, 1837, *at Warren, Penn.*, which was the notice enclosed to Andrews by *Ricker.* The indorsement, Kempville, Niagara county, N. Y., on the notice, was proved to be the handwriting of a teller in the Lumberman's Bank. The counsel for the defendant insisted upon going to the jury upon the evidence on the point of notice to the defendant, but the judge thought the proof controling and directed a verdict for plaintiff. Defendant moves for a new trial on a bill of exceptions.

*By the Court,* NELSON, Ch. J. I think the learned judge was right. The proof had been full and explicit that notice of non-payment of the note, directed to the defendant at the proper place, was duly mailed in the city of N. Y., and that offered by way of rebutting or explaining it was extremely weak and unsatisfactory.

The notice directed to Kempville in no way impaired the proof that one had been properly directed to Lockport, or rather confirmed Ricker's account of the matter; the former was the one enclosed to Andrews, which he must have forwarded to Falconer, and was there directed by mistake to the wrong place.

It appears to me if the judge had submitted the question of notice to the jury upon the evidence as it stood before

him, and they had found against it we should have been bound to set it aside. If so, he was right in directing a verdict for the plaintiff.

New trial denied.